**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | § Chapter 11 |
| House to Home Strategies LLC, | § Case No. 22-11690-ELF |
| Debtor. | § |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS DEBTOR'S CASE OR CONVERT TO CHAPTER 7 FOR BAD FAITH AND OTHER CAUSE**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order, pursuant to section 1112(b) of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"), dismissing the above-captioned bankruptcy case or converting the case to chapter 7 for bad faith and other cause. In support of this Motion, the U.S. Trustee states as follows:

**JURISDICTION**

1.   Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2.   Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas*

1

*Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion. *Id.*

3. The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

## BACKGROUND

### A. General Case Background

4. On June 28, 2022 (the "Petition Date"), House to Home Strategies LLC (the "Debtor") filed a voluntary petition (Docket No. 1) (the "Original Petition") for relief under chapter 11 of the Bankruptcy Code.

5. The Original Petition identified the Debtor's business as "single asset real estate" (as defined in 11 U.S.C. § 101 (51B)) and the Debtor as a "small business debtor" (as defined in 11 U.S.C. § 101 (51D)). However, the term "small business debtor" excludes a debtor "whose primary activity is the business of owning single asset real estate." Accordingly, the Original Petition included information that was internally inconsistent.

6. On July 9, 2022, the Debtor filed an amended voluntary petition (Docket No. 8) (the "Subsequent Petition"). The Subsequent Petition identifies the Debtor as

a debtor "whose primary activity is the business of owning single asset real estate" and no longer identifies the Debtors as a "small business debtor." *Id.*

7. On July 18, 2022, the Court entered an Order (Docket No. 12) (the "Order Dismissing Case") dismissing the bankruptcy case due to the Debtor's failure to file all the documents required pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8. On July 27, 2022, the Debtor filed the *Debtor's Motion to Reinstate the Bankruptcy* (Docket No. 14) (the "Motion to Reinstate"), pursuant to which the Debtor sought entry of an order vacating the Order Dismissing Case. The Motion to Reinstate included as exhibits the past-due filings required by Bankruptcy Rule 1007.

9. On August 24, 2022, the Court entered the Order (Docket No. 18) ("Denial Order") denying the Motion to Reinstate due to (i) the Debtor failing to provide evidence of service on the docket and (ii) the Debtor and counsel failing to attend the hearing.

10. On August 29, 2022, the Court entered the Order (Docket No. 23) ("Scheduling Order") that, among other things, (i) scheduled another hearing on the relief requested in the Motion to Reinstate for September 21, 2022, and (ii) required service of the Motion to Reinstate by August 31, 2022.

11. Notwithstanding that the Denial Order was entered, in part, due to "the docket failing to show service of the Motion [to Reinstate] on any interested parties" and the Scheduling Order requiring service of the Motion to Reinstate by August 31, 2022, the Debtor had not filed anything on the Docket evidencing service as of the

3

date of the hearing on September 21, 2022. The failure to file the certificates of service was in violation of L.B.R. 9014-4(a).

12. After the hearing, the Debtor tardily filed the certificates of service (Docket Nos. 29 and 30). Thereafter, the Court entered the Order Vacating Dismissal (Docket No. 32) (the "Reinstatement Order"). Pursuant to the Reinstatement Order the court ordered that, among other things, "On or before October 19, 2022, the Debtor shall file and serve an amended chapter 11 plan, amended disclosure statement and a motion for approval of the disclosure statement."

13. On October 19, 2022, the Debtor filed timely its proposed Disclosure Statement and Plan (Docket No. 55). The Debtor however has not filed a motion for approval of the disclosure statement and the deadline to do so (pursuant to Order of this Court) has long since passed.

**B. Case is a Single Creditor Case**

14. The Debtor submitted its schedules of assets and liabilities (Docket Nos. 40-44) (the "Schedules") and statement of financial affairs (Docket No. 45) (the "Statement"). U.S. Bank Trust National Association ("U.S. Bank") is the only creditor listed by the Debtor. U.S. Bank is scheduled as holding a secured claim in the amount of $945,957. *See* Schedule D (Docket No. 41).

15. On September 21, 2022, the Court entered the *Order Setting Last Day To File Proofs of Claim* (Docket No. 31) (the "Bar Date Order"). Among other things, the Bar Date Order set October 31, 2022 as the deadline to file a proof of claim against

the Debtor. U.S. Bank is the only creditor that filed a proof of claim. U.S. Bank filed a secured claim in the amount of $1,031,408.98. *See* Proof of Claim No. 1.

16. U.S. Bank is the only party that has appeared in the case. *See* Docket Nos. 7 and 54 (U.S. Bank Trust National Association) and Docket No. 52 (Fay Servicing, LLC as servicer for U.S. Bank Trust National Association).

17. The Debtor admits that U.S. Bank is its only creditor. *See e.g.,* Disclosure Statement, Docket No. 55, page 19 of 21.[1] The Debtor filed its bankruptcy case on June 28, 2022, to stay a sheriff's sale scheduled for June 29, 2022. *Id.* at p. 7 of 21.[2]

18. Pursuant to the Plan, the Debtor proposes to pay U.S. Bank not from its funds, of which it has none, but through payments from the Debtor's principal. *See,* Disclosure Statement, Docket No. 55, page 19 of 21[3]. The Debtor has no ongoing operations or cashflow and the proposed Plan is not feasible absent payment from the

---

[1] Stating that:

U.S. Bank Trust Nation [sic] Association, Not In Its Individual Capacity But Solely As Trustee Of Greene Street Funding Trust is the only creditor. The Amended Plan is intended to pay said creditor in full. Since there are no other creditors a liquidation analysis is not applicable.

[2] Stating that:

A Sheriff Sale was scheduled to occur on June 29, 2022. Debtor filed for bankruptcy protection on June 28, 2022.

[3] Stating that:

In summary, the Plan proposes to pay U.S. Bank Trust Nation Association, Not In Its Individual Capacity But Solely As Trustee Of Greene Street Funding Trust As Debtor's financial projections demonstrate, Debtor will be financed monthly by Debtor's principal Trevor Krill and his wife Ann Krill's monthly income.

principal. *See e.g.,* Monthly Operating Reports at Docket Nos. 60-63. The Debtor has not provided evidence of any binding commitment for the principal to fund the necessary payments.

## RELIEF REQUESTED

19. Through this Motion, the U.S. Trustee seeks entry of an order dismissing or converting the Debtor's bankruptcy case.

20. Bankruptcy Code section 1112(b)(1) provides that, upon a showing of "cause," a court "shall" dismiss or convert a case under chapter 11 to one under chapter 7, whichever is in the best interests of creditors and the estate. Section 1112(b)(4) contains an enumeration of factors that constitute "cause" for dismissal or conversion. 11 U.S.C. § 1112(b)(4).

### A. **Debtor Has Not Established Good Faith**

21. In the Third Circuit, "a Chapter 11 petition is subject to dismissal for 'cause' under 11 U.S.C. § 1112(b) unless it is filed in good faith." *In re SGL Carbon Corp.*, 200 F.3d 154, 162 (3d Cir. 1999). When a motion to dismiss a bankruptcy case is filed, ***the debtor bears the burden to establish good faith***. *In re 15375 Mem'l Corp. v. Bepco, L.P.*, 589 F.3d 605, 618 (3d Cir. 2009).

22. As noted by the Third Circuit,

> The term "good faith" is somewhat misleading. Though it suggests that the debtor's subjective intent is determinative, this is not the case. Instead, the "good faith" filing requirement encompasses several, distinct equitable limitations that courts have placed on Chapter 11 filings. Courts have implied such limitations to deter filings that seek to achieve objectives outside the legitimate scope of the bankruptcy laws.

*In re 15375 Mem'l Corp.*, 589 F.3d at 618 n.8.

6

23. To be filed in good faith, a debtor's chapter 11 filing must serve a valid bankruptcy purpose. *15375 Memorial*, 589 F.3d at 618 (*citing SGL Carbon*, 200 F.3d at 165). Whether the debtor has met its burden to establish good faith "is a 'fact intensive inquiry' in which the court must examine 'the totality of facts and circumstances' and determine where a 'petition falls along the spectrum ranging from the clearly acceptable to the patently abusive.'" *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 118 (3d Cir. 2004) (quoting *SGL Carbon Corp.*, 200 F.3d at 162).

24. In connection with the good faith inquiry, the courts have considered multiple factors including the following: (i) whether the debtor has few or no unsecured creditors; (ii) whether there have been previous bankruptcy filings by the debtor or related entities; (iii) whether the pre-petition conduct by the debtor has been improper; (iv) whether the filing permits the debtor to evade or delay court orders; (v) whether there are few debts to nonmoving creditors; (vi) whether the petition was filed on the eve of foreclosure; (vii) whether the foreclosure property is the major asset of the debtor; (viii) whether the debtor has an ongoing business or employees; (ix) whether there is no possibility of reorganization; (x) whether the debtor's income is insufficient to operate; (xi) whether there was no pressure from nonmoving creditors; (xii) whether the reorganization essentially involves resolution of a two-party dispute; (xiii) whether a corporate debtor was formed and received title to its assets immediately before the petition; and (xiv) whether the debtor filed solely to obtain the protection of the automatic stay. *In re Stingfree Technologies Co.*, 427

B.R. 337, 352 (E.D. Pa. 2010) (quoting *In re SB Properties, Inc.*, 185 B.R. 198, 205 (E.D. Pa. 1995)).

25. Each of the relevant factors militates in favor of dismissal or conversion. The Debtor has no unsecured creditors (factor one), the petition was filed on the eve of foreclosure (factor six), the foreclosure property is the only asset of the debtor (factor seven), the debtor has no ongoing business or employees (factor eight), there is no possibility of reorganization absent consent of U.S. Bank, which has not been obtained (factor nine), the Debtor's income is insufficient to operate (factor ten), the reorganization essentially involves resolution of a two-party dispute (factor twelve), and the Debtor filed solely to obtain the protection of the automatic stay to stop the sheriff's sale (factor fourteen).

26. The desire to confirm a plan under Bankruptcy Code section 1129 does not in itself establish good faith. *See In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 120 (3d Cir. 2004) (holding that "a desire to take advantage of a particular provision in the Bankruptcy Code, standing alone … cannot establish good faith as a matter of law").

27. The Third Circuit Court has held "[t]he protection of the automatic stay … is not *per se* a valid justification for a Chapter 11 filing; rather, it is a consequential benefit of an otherwise good faith filing." *In re 15375 Mem'l Corp.*, 589 F.3d 605, 620 (3d Cir. 2009).

28. In sum, this case was filed on the eve of foreclosure to delay the Debtor's sole creditor from exercising its state law remedies, serves no bankruptcy purpose,

and is not a good faith filing. *See e.g., In re Vascular Access Ctrs., L.P.*, 611 B.R. 742, 762 (Bankr. E.D. Pa. 2020) ("filing only to obtain the protection of the automatic stay does not constitute a good faith justification for a Chapter 11 filing, and neither does initiating a case solely to hinder or delay creditors"); *In re SB Props.*, 185 B.R. 198, 205 (E.D. Pa. 1995) (filing by single asset debtor with some rental income but "no employees to protect, no on-going business to preserve, and no significant creditors other than a mortgage" was not in good faith); *In re Adell*, 332 B.R. 844, 849 (Bankr. M.D. Fla. 2005) ("With only one 'real' creditor, there is little competition for the Debtor's assets, no race to the courthouse, and no need to employ the automatic stay to ensure an equitable and orderly distribution of the Debtor's assets").

B. **Other Cause Exists Pursuant to Bankruptcy Code Section 1112(b)**

29. Cause, as defined in Bankruptcy Code section 1112(b), includes the "failure to comply with an order of the court." 11 U.S.C. § 1112(b)(4)(E).

30. The Reinstatement Order required that "[o]n or before October 19, 2022, the Debtor shall file and serve … a motion for approval of the disclosure statement." The Debtor has not filed such a motion and the deadline to do so has long since expired.

31. Bankruptcy Code section 1112(b)(4)(E) does not require that the Debtor's failure to comply with the Reinstatement Order be willful, or the product of bad faith or fraud. Debtor's failure to comply with the Reinstatement Order constitutes cause for dismissal or conversion pursuant to Bankruptcy Code section 1112(b)(4)(E) regardless of the Debtor's intent. *Alston v. Deangelis (In re Alston)*,

9

2013 U.S. Dist. LEXIS 168661, at *27 (E.D. Pa. Nov. 27, 2013) ("Section 1112(b)(4)(E) does not require that the debtor's failure to comply be willful, or the product of bad faith or fraud.") (internal citations omitted); *In re Luar Cleaners Inc.*, 2016 Bankr. LEXIS 2434, at *7 (Bankr. D.P.R. June 29, 2016) (Section 1112(b)(4)(E) provides that a debtor's failure to comply with an order of the court is cause to convert or dismiss a chapter 11 case. This section gives effect to the notion that compliance with court orders is a fundamental obligation of any party. Because violations of a court's orders are disrespectful to the court, they are disrespectful to the judicial process. Section 1112(b)(4)(E) also reflects the fact that the protections that a debtor gains under the Bankruptcy Code travel in tandem with many obligations that the debtor must meet. In the bankruptcy context, if a debtor wants the protection the Bankruptcy Code offers, that debtor must be willing to abide by the orders a court enters. Notably, this section does not require that the debtor's failure to comply be willful, or the product of bad faith or fraud.)

## **CONCLUSION**

32.   The Debtor has not satisfied its burden of demonstrating that its bankruptcy filing was in good faith and therefore dismissal or conversion of the case is required. Moreover, the failure to comply with the Reinstatement Order of this Court is also cause for dismissal or conversation.

10

**WHEREFORE,** the U.S. Trustee requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: December 8, 2022

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: (215) 597-4411
Facsimile: (215) 597-5795
John.Schanne@usdoj.gov