**UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>House to Home Strategies LLC<br><br>*Debtor*, | Chapter 11<br><br>Case No. 22-11690-elf |

**RESPONSE OF DEBTOR HOUSE TO HOME STRATEGIES LLC IN OPPOSITION TO MOTION OF THE UNITED STATES TRUSTEE TO DISMISS DEBTOR'S CASE OR CONVERT TO CHAPTER 7 FOR BAD FAITH AND OTHER CAUSE**

House to Home Strategies LLC (hereinafter "Debtor"), by and through their undersigned counsel, Schafkopf Law LLC, hereby responds and objects to the Motion of the United States Trustee to dismiss Debtor's Case or Convert to Chapter 7 for Bad Faith and Other Cause. The Debtor incorporates herein its Memorandum of Law attached hereto.

**JURISDICTION**

1. Admitted.
2. Admitted.
3. Admitted.

**BACKGROUND**

**A. General Case Background**

4. Admitted.
5. Admitted.
6. Admitted.
7. The Order Dismissing the Case speaks for itself.
8. Admitted.
9. Admitted.

10. Admitted.

11. Admitted

12. Admitted

13. Admitted in part and denied in part. Debtor admitted that on October 19, 2022, the Debtor filed timely its proposed Disclosure Statement and Plan. By way of further response, the Debtor filed a Motion for Approval of Disclosure Statement and the deadline to do so. A copy of the Motion for Approval of Disclosure Statement is attached hereto **Exhibit A**.

    B.  **Case is a Single Creditor Case**

14. Admitted. The Schedules speak for themselves.

15. The Bar Date Order speaks for itself.

16. Docket No.7, Docket No. 54 and Docket No. 52 speak for themselves.

17. Admitted. The Disclosure Statement speaks for itself.

18. Denied. The Plan speaks for itself. By way of further response, the Principal in an effort to show good faith to the sole creditor, the US Trustee and the Court will deposit money into his attorney's escrow account that will be transferred to Debtor's DIP Account pending further discussions with the US Trustee.

## RELIEF REQUESTED

19. This is a relief request to which no response is required.

20. The Bankruptcy Code speaks for itself. By way of further response, this is a conclusion of law to which no response is required.

    A.  **Debtor Has Not Established Good Faith**

21. This is a conclusion of law to which no response is required.

22. This is a conclusion of law to which no response is required.

23. This is a conclusion of law to which no response is required.

24. This is a conclusion of law to which no response is required.

25. This is a conclusion of law to which no response is required.

26. This is a conclusion of law to which no response is required.

27. This is a conclusion of law to which no response is required.

28. This is a conclusion of law to which no response is required.

**B. Other Cause Exists Pursuant to Bankruptcy Code Section 1112(b)**

29. This is a conclusion of law to which no response is required.

30. This is a conclusion of law to which no response is required.

31. This is a conclusion of law to which no response is required.

## CONCLUSION

32. This is a conclusion of law to which no response is required.

## DEBTOR'S AFFIRMATIVE DEFENSES

1. United States Trustee's allegations are moot as the Debtor filed a motion for approval of disclosure statement and the deadline to do so.

2. The Debtor has a confirmable and feasible plan which can be funded by the Principal and his wife.

3. Bankruptcy is for these exact circumstances, to provide an opportunity for the Debtor to reorganize.

4. The creditor so far has failed and refused to participate in the bankruptcy despite Debtor's multiple attempts to invite the creditor to provide input in the plan.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order denying the Motion and grant such other and further relief as this Court deems just.

                                                      Respectfully Submitted,

                                                      SCHAFKOPF LAW, LLC

DATED: 12-22-22                        */s/ Gary Schafkopf*
                                                    BY: GARY SCHAFKOPF, ESQ

**UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANNIA**

| | |
|---|---|
| IN RE:<br><br>House to Home Strategies LLC<br><br>*Debtor*, | Chapter 11<br><br>Case No. 22-11690-elf |

**MEMORANDUM OF LAW IN SUPPORT OF DEBTOR HOUSE TO HOME STRATEGIES LLC'S RESPONSE IN OPPOSITION TO MOTION OF THE UNITED STATES TRUSTEE TO DISMISS DEBTOR'S CASE OR CONVERT TO CHAPTER 7 FOR BAD FAITH AND OTHER CAUSE**

House to Home Strategies LLC (hereinafter "Debtor"), by and through their undersigned counsel, Schafkopf Law LLC, hereby responds and objects to Motion of United States Trustee to Dismiss Debtor's Case or Convert to Chapter 7 for Bad Faith and Oher Cause, and in support thereof, avers as follows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a mortgage foreclosure. Due to the heightened effects of the COVID pandemic, which prevented the Debtor from operating the business (developing the single asset real estate) normally and delayed funding needed. Debtor sought chapter 11 protection in good faith with an intention of reorganizing the single asset real estate to maximize the value of the asset.

On June 28, 2022 (the "Petition Date"), Debtor filed a voluntary petition (the "Original Petition") for relief under chapter 11 of the Bankruptcy Code. On July 9, 2022, the Debtor filed an amended voluntary petition (the "Subsequent Petition"). On July 27, 2022, the Debtor filed the Motion to Reinstate the Bankruptcy (the "Motion to Reinstate"), pursuant to which the

Debtor sought entry of an order vacating the Order Dismissing the Case that the Court entered on July 18, 2022. On August 29, 2022, the Court entered the Order ("Scheduling Order") that, among other things, (i) scheduled another hearing on the relief requested in the Motion to Reinstate for September 21, 2022, and (ii) required service of the Motion to Reinstate by August 31, 2022. After the hearing, the Court entered the Order Vacating Dismissal (the "Reinstatement Order"). On October 19, 2022, pursuant to the Reinstatement Order, the Debtor filed timely its proposed Disclosure Statement and Plan for the Court's consideration.

On or about December 8, 2022, the United States Trustee filed a Motion to Dismiss Debtor's Case or Convert to Chapter 7 for Bad Faith and Other Cause. On December 15, 2022, the Debtor filed Motion for approval of the disclosure and the deadline to do so therefore, the United States Trustee's Motion should be denied.

## II. ARGUMENT

### A. The Debtor's Case Was Filed In Good Faith

In determining whether a case has been filed in good faith, the "totality of the circumstances" must be considered by a court. See In re PPI Enterprises, Inc., 324 F.3d 197, 211 (3d Cir. 2003). "At its most fundamental level, the good faith requirement ensures that the Bankruptcy Code's careful balancing of interests is not undermined by petitioners whose aims are antithetical to the basic purposes of bankruptcy." In re Integrated Telecom Express, Inc., 384 F.3d 108, 119 (3d Cir. 2004). Determination of whether grounds exist to dismiss Chapter 11 case under 11 U.S.C. § 1112 must be made on case-by-case basis. In re Young, 76 B.R. 376 (Bankr. D. Del 1987).

The bankruptcy process, and the Bankruptcy Code itself, strongly encourage consensual resolution of claims through the plan negotiation process. See, e.g., In re Windsor on the River

Assoc., Ltd., 7 F.3d 127 (8th Cir. 1993); In re American Trailer and Storage, Inc., 419 B.R. 412, 419 (Bankr. W.D. Mo. 2009). The Bankruptcy Court is a court of equity with a primary focus upon facilitating the reorganization process. See United States v. Whiting Pools, Inc., 462 U.S. 198 (1983).

The Debtor's ultimate goal is to consensually restructure its debt and resolve claims and disputes through the plan negotiation process. Such goals are not "antithetical to the basic purposes of bankruptcy," but instead are among the primary intents of the Chapter 11 process. A court may, in its discretion, dismiss a case where evidence establishes that the debtor filed its petition in bad faith as a litigation tactic to forestall pending state court actions and/or remedies. See, e.g., In re Business Information Co., 81 B.R. 382 (Bankr. W.D. Pa. 1988). When a debtor is motivated by plausible, legitimate reorganization purposes and not solely or predominantly by the mere desire to prevent foreclosure or hinder creditors, bad faith is not present in a chapter 11 case. In re Clinton Centrifuge, Inc., 72 B.R. 900 (Bankr. E.D. Pa. 1987).

The mere fact that a chapter 11 filing is triggered by state court proceedings adverse to the debtor does not constitute by itself, bad faith. Id. In Clinton, the court was unwilling to conclude that the mere fact that the chapter 11 filing was triggered by state court proceedings adverse to the debtor constitutes by itself, bad faith.

The Debtor through its attorney have made multiple attempts to contact the sole creditor, U.S. Bank National Association as Trustee of Greene Street Funding Trust in an effort to have input on its plan to restructure the debt and resolve the claim, without success. The sole creditor in the matter has been unresponsive to requests and has changed attorneys three (3) times since filing its claim, as such the United States Trustee cannot yet determine whether the Debtor can

successfully reorganize at this point in time, as such Debtor is entitled to the opportunity to do so.

    a. **The Debtor's Voluntary Petition was filed for legitimate reorganization purposes and not solely to create the Automatic Stay.**

The United States Trustee asserted that this case was filed on the eve of foreclosure to delay the Debtor's sole creditor from its state law remedies, serves no bankruptcy purpose, and is not a good faith filing. However, courts have held that the filing of a bankruptcy petition on the eve of a scheduled foreclosure sale is not sufficient by itself to constitute bad faith to warrant dismissal or conversion of debtors' Chapter 11 case, especially where debtors have shown intent to continue operating its business as well as the capability and resources to do so. See In re Route 202 Corp., 37 B.R. 367 (Bankr. E.D. Pa. 1984).

Here, the Debtor clearly needs Chapter 11 relief. Debtor is a limited liability company with an ownership interest in the Real Property located at 3460 Ridge Pike, Collegeville, PA 19426 in Montgomery County, Pennsylvania. Prior to filing its bankruptcy petition, Debtor filed a petition to postpone the Sheriff sales to obtain funds to reinstate the subject mortgage loan. However, the heightened effects of the COVID pandemic prevented the Debtor from operating the business normally and delayed the funding to the mortgage loan. Unfortunately, as a result of Covid-related issues on the funder side, the closing on the funding to reinstate the mortgage continued to be complicated despite the Debtor continuing to maintain the property as they fully intended to reinstate the mortgage and make the necessary payments.

Thereafter, the Debtor's filing of chapter 11 petition was motivated by a desire to ease the financial stress and preserve and/or maximize the asset value for the creditor. At the eve of its insolvency, Debtor had developed plans to continue its business, had intentions of reorganizing

and had reasonable expectation that the chapter 11 case would maximize the value of the asset and sought chapter 11 protection for the best interest of the creditor.

For the foregoing reasons as debtor's chapter 11 petition was filed for legitimate a purpose, Debtor acted in good faith.

### b. Debtor's Conduct at all times was proper and necessary to protect its single asset real estate

The United States trustee asserted that in connection with the good faith inquiry, the court should consider multiple factors including 14 specific factors from (i) thru (xiv). However, courts have held that the "application of the good faith doctrine to a particular chapter 11 filing *cannot* be based upon a rigid utilization of specific factors, particularly those which focus on the debtor's prepetition conduct. In enacting chapter 11**,** Congress determined that an otherwise eligible debtor is entitled to an opportunity to reorganize." In re Clinton Centrifuge, Inc., 72 B.R. 900, 905 (Bankr. E.D. Pa. 1987).

The Debtor acted at all times in a proper and necessary to protect its single asset real estate by filing voluntary petition for chapter 11 to rehabilitate the financially distressed asset. In addition, Debtor has invited the sole creditor (bank) to participate in this bankruptcy multiple times; however, the sole creditor has failed and/or refused to participate in the bankruptcy which has resulted in no input on the Debtor's Plan from the sole creditor.

### c. The Debtor has revenue with which to operate

As previously stated, the Debtor filed a Disclosure and Plan which will set forth the method and means by which Debtor intends to operate and reorganize.

The Plan will be funded by Debtor's principal and principal's wife's personal assets and income as necessary. Debtor is also attempting to secure additional financing using Debtor's principal and principal's wife's income and assets.

Debtor intends to develop the property from a single-family dwelling, with a six (6) stall horse barn into a Commercial property, a Mixed-Use property or for residential use. Debtor's principal will meet with Collegeville Township official, engineers, and attorneys to determine which use is the most viable and realistic.

The first choice for developing the property is Commercial, this would require the most Zoning work and there will be property issues to work out, but Commercial Zoning would yield the highest return. The second choice is Mixed Use, and the final choice would be for Condominiums or Townhouses. The goal is to have the details worked out and the Zoning use chosen by the second quarter of 2023. After the Zoning use is chosen, Debtor will begin applying to the township for the change in Zoning, it is estimated that this process will take approximately three to six months.

Debtor has begun investigating various financing options and intends to submit financing applications in 2023 after all the initial building budgets have been prepared and reviewed. Debtor's principal is currently speaking with private investors to obtain interim financing and restructuring the current loan with plans to sub divide or develop the property. Debtor's principal continues to be in contact with a foreign lender as well as other lenders to refinance the project. Debtor is also seeking out other funding sources to restructure the loan and believes such funding can be obtained in the next twelve (12) months. [1]

---

[1] Debtor's counsel has been actively attempting to contact the Bank's attorneys to discuss the proposed Plan,

If none of the Zoning options are viable or the project does not show a high degree of success, Debtor will consider marketing the property as a single-family home and sell the asset. This option will depend greatly on the market at the time and interest rates. With today's market conditions, the real estate market seems to be slowing down and interest rates are rising.

The Principal in an effort to show good faith to the sole creditor, the US Trustee and the Court will deposit money into his attorney's escrow account that will be transferred to Debtor's DIP Account pending further discussions with the US Trustee.

### d. The Debtor's plan is reasonable, feasible and confirmable

In determining whether a petition for corporate reorganization is filed in good faith, it is not the duty of court to ascertain whether or not a particular plan may be carried out but only whether it is reasonable to expect that plan could be affected, that there is opportunity and need for reorganization and that the petition was filed with honest intention of effecting it and not for purpose of hindering and delaying creditors. In re Julius Roehrs Co., 115 F.2d 723 (3d Cir. 1940). It is well established that the Debtor's burden of proof does not rise to the level of a guarantee of success. "On the contrary... feasibility involves the question of emergence of the reorganized Debtor in a solvent condition and with reasonable prospects of financial stability and success. It is not necessary that success be guaranteed, but only that the plan presents a workable scheme of organization and operation from which there may be reasonable expectation of success" In Re Duval Manor Assoc., 191 B.R. 622, 632 (Bankr. E.D. Pa. 1996).

The Debtor's plan is confirmable and feasible. In order to confirm the plan, the Debtor will need to show compliance with 11 U.S.C. Sections 1129(a) and (b). The Debtor can satisfy

---

however, the Bank has changed attorneys multiple times (as reflected on the docket) and Debtor's attorney has been unable to speak with their attorneys.

each of the aforesaid sections over any objection of the United States Trustee, as Debtor at all times acted in good faith and in the best interest of creditor.

As will be seen after a review of the Plan, the Debtor continues that good faith through the Plan process in compliance with Section 1129(a) (3)- good faith. The creditor is treated fairly, and all rights are preserved. The principal of the Debtor and Principal's wife continue to make payments on behalf of the single asset real estate and any costs and expenses related to the operations. It is difficult to imagine that it would be bad faith to propose a plan which the principal and principal's wife will fund the plan through their personal monthly income and assets, whereas the secured creditor is treated unimpaired. When this Court looks at the reasons for filing and the methodology behind the Plan, it is clear that the Debtor acted in good faith and best interest of the creditor.

**B. <u>United States Trustee's claims as to other cause are moot as the Debtor has filed the motion for approval of the disclosure statement</u>**

Federal Courts only have constitutional authority to resolve actual disputes. Legal actions cannot be brought or continued after the matter at issue has been resolved, leaving no live dispute for a court to resolve. In such a case, the matter is said to be "moot". See, e.g., <u>Arizonans for Official English v. Arizona, 520 U.S. 43 (1997)</u> and <u>Hicklin v. Orbeck, 437 U.S. 518 (1978)</u>.

On June 28, 2022 (the "Petition Date"), Debtor filed a voluntary petition (the "Original Petition") for relief under chapter 11 of the Bankruptcy Code. On July 9, 2022, the Debtor filed an amended voluntary petition (the "Subsequent Petition"). On July 27, 2022, the Debtor filed the Motion to Reinstate the Bankruptcy (the "Motion to Reinstate"). After the hearing, the Court entered the Order Vacating Dismissal, and pursuant to the Order, the Debtor filed timely its proposed Disclosure Statement and Plan for the Court's consideration. On December 15, 2022

the Debtor has submitted the request that the Court enter an Order approving the Disclosure Statement ("Request"). As the Request has been filed, the matter at issue has been resolved, leaving no live dispute for this Court to resolve; therefore, the United States trustee's claim as the other cause to dismiss Debtor's case or convert to chapter 7 has been moot.

### III.  CONCLUSION

For the foregoing reasons, United States Trustee's Motion to Dismiss Debtor's Case or Convert to Chapter 7 for Bad Faith and Other Cause should be denied.

Respectfully Submitted,

SCHAFKOPF LAW, LLC

DATED: 12-22-22

*/s/ Gary Schafkopf*
BY: GARY SCHAFKOPF, ESQ

**UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANNIA**

| | |
|---|---|
| IN RE:<br><br>House to Home Strategies LLC<br><br><br>*Debtor*, | Chapter 11<br><br>Case No. 22-11690-elf |

## ORDER

AND NOW, this ___ day of _____, 20___, upon consideration of Motion Of The United States Trustee To Dismiss Debtor's Case Or Convert To Chapter 7 For Bad Faith And Other Cause and Debtor House To Home Strategies LLC's Response In Opposition To Motion Of The United States Trustee To Dismiss Debtor's Case Or Convert To Chapter 7 For Bad Faith And Other Cause

it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED**.

BY THE COURT

_____

J.

**UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANNIA**

| | |
|---|---|
| IN RE:<br><br>House to Home Strategies LLC<br><br><br>*Debtor*, | Chapter 11<br><br>Case No. 22-11690-elf |

### CERTIFICATE OF SERVICE

I, Gary Schafkopf, Esquire, attorney for the above captioned Debtor, hereby certify that on December 22, 2022 a copy of the foregoing Debtor House To Home Strategies LLC's Response In Opposition To Motion Of The United States Trustee To Dismiss Debtor's Case Or Convert To Chapter 7 For Bad Faith And Other Cause was served electronically via the Court's CM/ECF system and regular mail upon the following parties.

John Henry Schanne
Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street
Suite 320
Philadelphia, PA 19107

Michael Farrington, Esquire
KML Law Group P.C.
701 Market Street
Philadelphia PA 19106

                                            Respectfully Submitted,

                                            SCHAFKOPF LAW, LLC

DATED: 12-22-22                */s/ Gary Schafkopf*
                                            BY: GARY SCHAFKOPF, ESQ