IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | § § § § § § § | Chapter 7 |
| JAMES A. MELASECCA, JR., | | Case No. 18-17864-MDC |
| Debtor. | | |

**UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION OF THE CHAPTER 7 TRUSTEE FOR AUTHORITY TO SELL DEBTOR'S PROPERTY AT PRIVATE SALE FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S. Trustee") by and through his undersigned counsel, in furtherance of the administrative responsibilities imposed under 28 U.S.C. § 586(a), hereby objects (this "Objection") to the *Motion of the Chapter 7 Trustee for Authority to Sell Debtor's Property at Private Sale Free and Clear of all Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363*, doc. 132 (the "Motion"), for failure to meet the burden imposed on the movant under 11 U.S.C. (the "Bankruptcy Code") section 363. In support of this Objection, the U.S. Trustee represents as follows:

**RESPONSE**

1. This case was commenced on November 29, 2018, by the filing of a voluntary petition under chapter 7 of the Bankruptcy Code. That day, Michael H. Kaliner, Esq., was appointed to serve as the chapter 7 trustee overseeing Debtor's case.

2. On his schedules, the Debtor lists a one-half ownership interest in real estate holding company Alpha United Holdings, LLC ("Alpha United"). The other half of Alpha United is owned by an individual named John Sosalski, Jr.

3. Alpha United owns multiple subsidiary companies, which in turn hold individual

parcels of real estate. Upon information and belief, Alpha United owns approximately one half-dozen single-family residential properties through its subsidiaries.

4. Alpha United is an affiliate of the Debtor per Bankruptcy Code section 101(2), Sosalski is an insider of Alpha United per section 101(31)(B), and therefore Sosalski is an insider of the Debtor per Bankruptcy Code section 101(31)(E).

5. On September 12, 2022, Kaliner filed a Notice of Change from Asset to No Asset and the Chapter 7 Trustee's Report of No Distribution ("NDR").

6. On October 11, 2022, Kaliner filed a Praecipe to withdraw No Distribution Report, a Notice of change from No-Asset to Asset Case and Request to Set Bar Date to File Claims, and this instant Motion.

7. Through the Motion, Kaliner seeks authority to sell Debtor's 50% interest in Alpha United to Sosalski by private sale and free and clear of all liens, claims and encumbrances pursuant to Bankruptcy Code section 363. The Motion purports that Sosalski has offered to purchase the Debtor's stake for a total of $85,000, paid in two equal installments. The motion notes that Sosalski owns the remaining 50% of Alpha United but does not otherwise address Sosalski's insider status. There is no sale agreement attached to the Motion.

8. The proposed order attached to the Motion includes language stating that Sosalski, also known as Northeast Builders, LLC, and Rachel Sosalski have agreed to withdraw two proofs of claims totaling $861,659.26, and to release the estate of any other claims, (together, the "Sosalski Claims") but the withdrawal/release of these claims is never discussed in the Motion itself.

9. On information and belief, Alpha United is the Debtor's only significant asset. Sale of this asset would be a sale outside of the ordinary course of business, which may only be

authorized under Bankruptcy Code section 363(b).

10. For a proposed sale under Bankruptcy Code section 363(b) to be authorized, the movant bears the burden of proof to show that the sale represents a sound exercise of business judgment. In the Third Circuit, courts require that four sale conditions be satisfied in order for the trustee to meet this burden. He must show that:

   a. A sound business purpose exists for the sale;
   b. The sale price is fair;
   c. The debtor has provided adequate and reasonable notice; and
   d. The purchaser has acted in good faith.

*In re Antunes*, 2019 WL 913704, at *8 (Bankr. E.D. Pa. 2019); *Sheehan v. Dobin*, 2011 WL 1627051, at *3 (D.N.J. 2011).

11. In this Motion, the trustee has failed to articulate any proper justification for the sale, let alone one that comports with the statutory and Third Circuit caselaw standards of section 363(b). The Motion asserts only that "a private sale is the best way to maximize the selling price of the Property and that this type of sale best serves the interest of the Estate. In short, there is a good and sufficient business justification for the sale being requested here." Motion, ¶ 16.

12. However, the trustee fails to articulate how choosing to proceed with a private sale to an insider rather than with a public auction is sufficient to demonstrate sound business judgment, particularly given that insider sales require even greater scrutiny. The trustee also provides no explanation as to why a private sale demonstrates sound business judgment now, when only a month before the Motion, the trustee filed an NDR.

13. The trustee fails to demonstrate why the sale price is fair or why it is an accurate reflection of the underlying value of the properties held by Alpha United. The movant must show that the assets have been fully marketed and that the sale is sufficiently publicized to prove that the assets will be sold for a fair and reasonable price. *See In re Abbotts Dairies of Pennsylvania,*

*Inc.*, 788 F.2d 143, 147 (3d Cir. 1986). Instead, the trustee only makes the conclusory assertion that Sosalski's $85,000 payment is in the best interest of the estate "as it provides meaningful value for the benefit of all creditors in this case." Motion, ¶ 12. Not only does this statement fail to demonstrate that the sale price is fair, but the assertion that $85,000 will provide meaningful value to estate creditors is questionable at best. Based on the claims pool, even accounting for the withdrawal of the Sosalski Claims and without considering administrative claimants, creditors would receive less than a 2.5% distribution on their claims at the current proposed sale price. To the extent the trustee is trying to tie withdrawal of the Sosalski Claims to the sale as valuable consideration, there is no evidence in the Motion that the trustee has conducted due diligence to determine whether the claims are accurately valued in the first instance.

14. The trustee fails to show that adequate and reasonable notice of the sale has been provided. Among other deficiencies, no actual written sale agreement accompanies the Motion, so parties in interest are not on notice to all relevant terms. This point is likewise driven home by the provision in the proposed order to the Motion that Sosalski and associated creditors agree to withdraw the Sosalski Claims. As written, the provision merely acknowledges what the Sosalskis intend to do. The Motion never indicates why withdrawal of the claims would require court approval or that withdrawal is predicated on the sale being approved. Though this term may be spelled out in a sale agreement, because there is no agreement or stipulation filed with the Court, there is nothing to support the inclusion of this provision in the proposed order.

15. Finally, the trustee fails to show that the purchaser has acted in good faith. Good faith is an element of all sales under Bankruptcy Code section 363(b), *In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc.*, 77 B.R. 15, 20–21 (Bankr. E.D. Pa. 1987), and good faith "focuses principally on the element of special treatment of the debtor's insiders in the

sale transaction". *Id.* at 17 (citing *Abbotts*); *see also Pepper v. Litton*, 308 U.S. 295 (1939) (holding that insider transactions in the bankruptcy context are "subject to rigorous scrutiny"); *In re Philadelphia Newspapers, LLC*, 2009 WL 3242292, at *10 (Bankr. E.D. Pa. 2009) (insider transactions warrant close scrutiny) (*rev'd on other grounds*, 418 B.R. 548 (E.D. Pa. 2009)); *In re Global Ocean Carriers Ltd.*, 251 B.R. 31, 48 (Bankr. D. Del. 2000) (sales to insiders are subject to special scrutiny in bankruptcy cases, citing *Abbotts*).

16.     The proposed sale of the Debtor's 50% stake in Alpha United to Sosalski, an insider and the other 50% owner of the company, is not an arms-length transaction. The nature of the proposed sale goes to the heart of whether or not the purchaser has acted in good faith and also potentially indicates that the proposed sale price is lower than what could be realized in an arms-length private sale or auction. *Cf. Industrial Valley*, 77 B.R. at 17. Further, that Sosalski's insider status is only referenced obliquely, that the proposed order alone references the withdrawal of the Sosalski Claims, and that no sale agreement is included alongside the Motion for review by parties and the Court, all seems to indicate a lack of good faith. Sunlight is the best disinfectant, but this proposed sale has proceeded entirely in darkened rooms behind opaque doors.

17.     Where a debtor seeks to sell substantially all its assets to an insider, such a transaction is subject to heightened scrutiny. However, as noted above, the Motion is wholly devoid of any attempt to address even the business judgment standard, and definitely not the heightened scrutiny necessary to approve an insider transaction.

18.     The trustee, as movant, has the burden to demonstrate that he has met or exceeded the statutory and Third Circuit elements required for the Court to authorize a proposed sale of the Debtor's sole significant asset to a co-owner of the asset and insider of the debtor. The trustee has failed to do so in this Motion, and the U.S. Trustee leaves the trustee to his burden.

## **CONCLUSION**

**WHEREFORE,** the U.S. Trustee objects to the Motion and asks that it be denied, and that the Court grant such other and further relief as it deems just and proper.

Dated:  November 2, 2022          Respectfully submitted,

                                          **ANDREW R. VARA**
                                          **UNITED STATES TRUSTEE**
                                          **For Regions 3 and 9**

                                          By:  /s/  *Kevin M. Cartwright*
                                          Kevin M. Cartwright, Trial Attorney
                                          John Schanne, Trial Attorney
                                          United States Department of Justice
                                          Office of The United States Trustee
                                          Robert N.C. Nix, Sr. Federal Building
                                          900 Market Street
                                          Room 320
                                          Philadelphia, PA 19107
                                          Phone: (202) 631-5527
                                          Kevin.Cartwright@usdoj.gov