### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  House to Home Strategies LLC<br>                    Debtor(s) | CHAPTER 11 |
| U.S. Bank National Association as Trustee of Greene Street Funding Trust<br>                    Movant<br>      vs. | NO. 22-11690 ELF |
| House to Home Strategies LLC<br>                    Debtor(s) | |
| Trustee | 11 U.S.C. Section 362 |

### MOTION OF U.S. Bank National Association as Trustee of Greene Street Funding Trust FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362

1. The movant is U.S. Bank National Association as Trustee of Greene Street Funding Trust.

2. The Debtor is the owner of the premises 3460 Ridge Pike, Collegeville, PA 19426, hereinafter referred to as the mortgaged premises.

3. The moving party is the holder of a mortgage on the premises.

### BACKGROUND

4. On January 18, 2019, House to Home Strategies, LLC ("Debtor"), executed a note in the amount of $755,000 in favor of 1st Liberty. The note is secured by a mortgage on real property known as 3460 Ridge Pike, Collegeville, PA ("the subject property"). The first payment was due on March 1, 2019 pursuant to the terms of the note and mortgage.

5. Thereafter, the mortgage was assigned to U.S. Bank National Association as Trustee of Greene Street Funding ("Secured Creditor").

6. The loan was declared in default and Secured Creditor filed a foreclosure complaint. Final judgment was entered in the foreclosure action.

7. A sheriff sale of the subject property was scheduled for June 29, 2002.

## BANKRUPTCY FILING

8. Debtor filed the instant petition on June 28, 2022.

9. The subject property is the Debtor's sole asset. Debtor values the property at $1,655,475.00.

10. The Debtor's operating reports do not reflect income or expenses. Debtor's disclosure statement indicates that the plan would be funded wholly by contributions of the Debtor's principal and his wife.

11. Secured Creditor filed a proof of claim reflecting a payoff of $1,031,408.98 and pre-petition arrears of $292,556.12. At filing the loan was contractually due for the June 2019 payment. The current interest rate is 8.46%.

## ARGUMENT

12. The Debtor has only one asset – the subject property – and it does not appear that the Debtor has any income apart from the subject property. In fact, the Debtor does not have any income of its own.

13. Though there is equity in the property, Movant is the only creditor.

14. The Debtor has not made any post-petition payments to Secured Creditor.

15. The Debtor has failed to make all current monthly mortgage payments on the mortgage subsequent to the filing of the Bankruptcy Petition and the moving party is entitled to relief from stay for cause.

16. This motion and the averments contained therein do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this motion, including fees and costs, due under the terms of the mortgage and applicable law.

## **CONCLUSION**

WHEREFORE, the moving party prays that an Order be entered modifying the Stay and permitting the moving party to proceed with its mortgage foreclosure on the mortgaged premises, and to allow the Sheriff's Grantee to take any legal action to enforce its right to possession of the mortgage premises. Further, the moving party prays that an Order be entered awarding the moving party the costs of this suit, reasonable attorney's fees in accordance with the mortgage document and current law together with interest.

**/s/Denise Carlon, Esquire**
Denise Carlon, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
Phone: (215) 627-1322 Fax: (215) 627-7734
Attorneys for Movant/Applicant